## LEVANDER STONE v. J. T. STONECIPHER.

Middle Section.   May 22, 1928.

Bockman & Haile, of Cookeville, for plaintiff in error, Stone.

O. K. Holladay, of Cookeville, and E. C. Knight, of Livingston, for defendant in error, Stonecipher.

CROWNOVER, J. This was an action to recover damages done to a Ford car as a result of a collision of two automobiles in the town of Cookeville, which action was originated before a Justice of the Peace and appealed to the circuit court, where it was tried by the judge without a jury upon a transcript of the evidence taken before the justice and reduced to writing by a court reporter, which resulted in a judgment against the plaintiff and a dismissal of the action, to which the plaintiff excepted, and, his motion for a new trial being overruled, he appealed in error, and has assigned twelve errors, none of which is well made and must be overruled.

The facts necessary to be stated are that the plaintiff below on one night in October, 1926, lent his Ford touring car to a young man by the name of Meadows for the purpose of going to Baxter to call on a girl, the car to be returned within an hour. But after Meadows had driven to Baxter he decided to drive with two other boys to Cookeville, where they purchased a sandwich and decided to return home. On going out of the town of Cookeville they collided with the automobile of defendant Stonecipher, which resulted in overturning plaintiff's car, in injuring the boys to some extent, and in almost demolishing plaintiff's automobile.

Plaintiff's contention is, and his proof tended to show, that the boys were driving at a moderate rate of speed as they left town and when they approached defendant's car they were on the right side of the road, that defendant approached at a rapid rate of speed on the wrong side of the road and collided with the car, and the damages resulted from defendant's negligence; whereas, the defendant contends, and his proof tends to show that all three of the boys were

riding in the front seat of plaintiff's car, that it had been raining, and when defendant saw them approaching with glaring headlights, he pulled his car over to the right-hand side of the road almost to the ditch, slowed down to less than eight miles per hour, and the boys' car approached at a rapid rate of speed on the wrong side of the road when the collision occurred. Thus the issues are sharply drawn and strongly contested.

As above stated, there was no oral evidence introduced in the trial court, but the matter was submitted on the typewritten transcript of the evidence introduced before the justice.

The first assignment of error is that the court erred in finding that the weight of the testimony was in favor of the defendant, as there was no evidence to support the findings of the court save that of the defendant alone, and it is contended as there was no oral evidence introduced before the trial court, the rule that the judgment must be sustained where there is some evidence to support the judgment should not apply.

After a careful examination of the record and the authorities we are of the opinion that the assignment is not well made, first, because where there is some material evidence to support the finding of the trial court in a law case, this court will not disturb it. Appeals do not lie from the judgments of courts of law, except where so provided by statute, but the appeal must be in the nature of a writ of error, hence the trial in this court of law cases from law courts are not de novo. In such cases it is necessary for the parties to move the court for a new trial, appeal in the nature of a writ of error and specifically point out the errors relied on in this court; hence we hold that if there is any material evidence to support the judgment of the lower court, although wholly based on depositions or on the transcript of the evidence used in the justice's court, we are bound by it; and, second, we find that there is not only some material evidence to support the judgment, but we agree with the trial judge that the weight of the evidence was with the defendant.

However it is contended that the tracks or marks made by the plaintiff's car wheels in the highway showed that the plaintiff's car was on the right side of the road at the time of the collision, and that several of the witnesses proved that the broken glass and other evidences of the wreck showed that the plaintiff's car was on the right side of the road, and that all the physical facts showed that the defendant was on the wrong side of the road at the time of the collision. But the defendant's proof showed that he was on the right-hand side of the road and that his right wheels were near the ditch at the time of the collision; so it will be seen that there is a sharp conflict in the evidence, and the facts appearing of record make it a typical case for the jury, or the court in the absence of the jury,

to pass upon. The court by its judgment has resolved all the conflicts in favor of the defendant below. It is elementary that if there is any material evidence to sustain the judgment or the verdict, this court will not reverse the judgment. See Chattanooga Machinery Co. v. Hargraves, 3 Cates, 476, 78 S. W., 105; Citizens Rapid Transit Co. v. Seigrist, 12 Pick., 124, 33 S. W., 920; Davis v. Farris, 1 Tenn. App. Reps., 148; hence this assignment of error is overruled.

Assignments of error numbers two to six, inclusive, except assignment number three, which are to the effect that the court erred in finding that the plaintiff's witnesses were men not of good character and were not entitled to full faith and credit on their oaths; that plaintiff's car knocked the front wheels of defendant's car to the right; that the plaintiff's car approached with considerable speed, and that on account of the speed the plaintiff's car travelled on west in the direction in which it was going (whereas the evidence showed that plaintiff's car was knocked backwards twenty feet and turned over in the ditch) are not determinative of any of the issues, and were not included in the motion for a new trial, hence all of them must be overruled.

The third assignment, that the court erred in finding that the defendant was on his right-hand side of the road, and that plaintiff's car ran over defendant's car, is overruled because this assignment was not preserved in the motion for new trial, and also because we think that there is not only some evidence but the weight of the evidence on these propositions was with the defendants.

The assignments that the court erred in overruling the plaintiff's motion for a new trial, in dismissing the suit, and in not rendering judgment for $125 in favor of the plaintiff, are too general, and must be overruled. See Elbinger Shoe Co. v. Thomas, 1 Tenn. App., 162-163; Thurman v. Bradford, 3 Hig., 474.

The other assignment that "the court erred in failing to find that the defendant's duty was to stop his car to prevent an accident when on account of water on his windshield and headlights and the glare of headlights on plaintiff's car dimmed and blurred his vision until he could not see the road in front of him, his failure to stop the car under such circumstances constituted gross negligence on his part," must be overruled, because this assignment was not preserved in the motion for a new trial, and also because there was no evidence to warrant such a holding in this case.

It results that all the assignments of error must be overruled, and the judgment of the lower court, dismissing the action, must be affirmed. The cost of the appeal is adjudged against plaintiff in error E. L. Stone, for which execution may issue.

The defendant has moved to strike out and to expunge from the record certain statements set out in the motion for a new trial and

618

the assignment of error made by the plaintiff in error reflecting upon the integrity of the trial judge, which statements are impertinent and wholly unjustifiable, as admitted by the attorney for plaintiff in error, who disclaimed any intention of using language that might be construed as reflecting on the integrity of the court, and expressing a desire to withdraw same; it is therefore ordered that such statements be stricken out and expunged from the record, and that no other action be taken in the matter in view of the explanation given.

Faw, P. J., and DeWitt, J., concur.