CITY OF MEMPHIS v. FRANCIS J. BYRNE.

Western Section. October 19, 1928.

Petition for Certiorari denied by Supreme Court, June 15, 1929.

Walter Chandler and A. L. Heiskell, of Memphis, for appellant.
D. B. Puryear, P. H. Phelan, Jr., and F. J. Byrne, of Memphis, for appellee.

OWEN, J.  The City of Memphis instituted a replevin suit against F. J. Byrne, an attorney, to recover certain documents, copies of the Acts of the General Assembly of Tennessee, copies of the ordinances, contracts and resolutions of the City of Memphis and cards listing acts affecting the charter of the City of Memphis, which the said Francis J. Byrne had in his possession in an office on the third floor of the Shelby County Courthouse.  It was alleged that said documents and property were being wrongfully and unlawfully detained by the defendant.  The bill alleged that the defendant was employed as an attorney several years before the filing of the bill in the instant case by the Mayor and Board of Commissioners of the City of Memphis, at a salary of $200, per month, to do certain work in the preparation of a new digest of the city charter, ordinances, contracts and resolutions of the City of Memphis.

A writ of replevin was issued and served and the documents turned over to complainant.  There was a demurrer filed to this bill, and during the pendency of the demurrer the complainant was granted leave to amend its bill so as to allege that the defendant was employed under a month to month contract which he has been paid a reguar salary; that there was nothing due the defendant for which he can maintain any claim against the property sought by the complainant, and it was alleged in the amendment that complainant had at all times been the owner of all of said papers and documents in its bill and at all times entitled to the immediate possession thereof and that the defendant now wrongfully refused to surrender the above described papers, documents, etc. to the lawful officers of the City of Memphis, although such a demand has been made upon him.

The demurrer was overruled and the defendant thereupon answered denying the material allegations of complainant's bill.  The cause was submitted to a jury.  The defendant tendered eight issues.  These

were not accepted by the Chancellor. The Chancellor submitted three issues, the court instructing the jury that if they answered the first two issues in the affirmative it would not be necessary to answer the third issue. The first two issues were answered in the affirmative. They are as follows:

"1. Was the defendant's employment from month to month?"

"2. Has he been paid for the full number of months he was employed?"

As stated, both of these were answered "yes."

There was a motion for a new trial, containing eighteen grounds. This motion was overruled, a decree pronounced sustaining complainant's bill and decreeing that the city was entitled to the property replevied. The defendant excepted, prayed and was granted an appeal to this court, and has assigned six errors.

The first, second and third errors complain of the court permitting the complainant to amend its bill.

There is no limit to the amendment of pleadings so long as the amendments are not inconsistent and the amendment of pleading is largely in the discretion of the trial court. This is largely a matter resting in the sound discretion of the trial court an his rulings will not be disturbed, unless there is evidence that the discretion was abused. Dreher v. Hill, 5 Tenn. App. R., 10.

In the instant case we find no evidence of an abuse of the Chancellor's discretion. We are of the further opinion that the defendant is not prejudiced by any of the amendments allowed, and the first, second and third assignments are overruled.

By the fifth assignment it is insisted that the Chancellor erred in failing to instruct the jury that only the right of possession of the papers and records at the time they were seized under the writ was involved and that if the defendant has a special property in them, notwithstanding that the city was the owner, even if they found there was only a monthly contract they should find for the defendant, it being insisted that the defendant had worked for the city during January, 1928, and had not been paid for that month.

We are of opinion that this assignment is not sound and cannot be sustained. The defendant had no special property or right in the papers and documents that were replevied. He had been notified that his services would not be continued for the month of January. It appears that the administration under which the defendant was employed went out of office January 2, 1928, the first day of January being Sunday. The defendant was not employed by the new administration and had been told that he would not be employed. The authorities the defendant has cited in support of this assignment are not applicable to the facts of the instant case.

The sixth assignment insists that the decree is erroneous in that it recites that the jury found that the complainant has fully paid the defendant for the services rendered by him as attorney by the payment of his regular monthly salary of $200 per month and that the defendant's employment was terminated on the 31st day of December, 1927; that the defendant is making no claim for damages upon the basis of quantum meruit, and that the City of Memphis is making no claim for damages for the wrongful detention of the property. It is insisted that this portion of the decree is broader than the response of "yes" to the first two issues.

Under the facts of this case the defendant is not prejudiced by any of the decree and his exception to that portion of the decree complained of does not prejudice his rights under the facts of this case and the law applicable thereto.

The fifth and sixth assignments are overruled.

The fourth assignment is as follows: "The court erred in overruling the motion for a new trial for the reason set forth therein," citing pages 110 to 121 of the transcript and pages 13 to 24 of the defendant's brief.

This assignment is overruled because it is too general. We are called upon now by this assignment to take up the eighteen grounds of defendant's motion for a new trial and to pass upon each one as a separate and distinct error, under the insistence of the defendant.

This assignment does not comply with the rules of this court. Rule 11, subsec. 3 of this court, as found in each volume of the Reports of this court, and in Vol. 151 Tenn. is as follows: "When the error alleged is to the admission or rejection of evidence, the specification shall quote the full substance of the evidence admitted or rejected, with citation of record where the evidence and ruling may be found. When the error alleged is on the charge of the court, the part complained of, whether they be instructions given or instructions refused, shall be set out," etc.

The first ground of the motion for a new trial is in regard to the amendments which we have heretofore disposed of.

The second, third, fourth, fifth, sixth, ninth, eleventh, and eighteenth grounds of the motion for a new trial complain of erroneous admission of the evidence of various witnesses, to the court and jury. There is no page of the present transcript cited wherein we would be able to locate the evidence complained of. However, we have read the entire transcript and we find no error in the admission of the evidence complained of and we find no error as to that evidence excluded by the Chancellor, and for which exclusion the defendant has made certain grounds in his motion for a new trial.

The other grounds for a new trial are based on the court's refusal to submit defendant's eight issues and in submitting the three issues that were submitted.

We are of opinion that the two issues submitted by the court and answered by the jury in favor of complainant's contention were proper issues and were the only necessary issues to be submitted. No exception was taken to the court's action in submitting the issues that he did submit to the jury in the form in which they were submitted and at the time they were submitted.

The evidence as found in the transcript establishes the fact that the defendant was employed under a month to month contract as an assistant attorney to work under the direction and supervision of the City of Memphis and that the defendant was to do certain work as directed by the City Attorney in the preparation of a city digest. The defendant was to submit to the City Attorney his work as it progressed, for the approval or disapproval of the City Attorney. He had no property right in the work he was doing for the city and was subject to be discharged upon reasonable notice. It was the duty of the defendant as an employee of the city to surrender the papers that the city demanded of him and which was the city's property and in the possession of the defendant and which the defendant saw fit not to surrender upon proper demand by the one who was duly and legally entitled thereto.

It results that we find no error in the decree of the lower court. All of the assignments of error are overruled and disallowed. The judgment of the lower court is affirmed. The complainant will recover of the defendant and his sureties on appeal bond all the cost of the cause, including the cost of the lower court and the cost of the appeal, for which execution will issue.

Heiskell and Senter, JJ., concur.