HUDSON v. EVANS et al.—113 S. W. (2d) 407.

Middle Section.  July 17, 1937.

Rehearing denied August 14, 1937.

Petition for Certiorari denied by Supreme Court, February 12, 1938.

Richard S. West, of Nashville, for appellant.
James A. Newman, of Nashville, for appellees.

FAW, P. J. The bill in this case was filed by Mrs. Florence E. Hudson on April 13, 1931, in the chancery court of Davidson county, part 1, against S. E. Evans, Watson Butler, trustee, E. L. Dudney, trustee in bankruptcy, Bringhurst-Reid Company, K. O. Reid, individually and as trustee; Walter H. Diehl and wife, Hazelle Diehl, and E. E. Murrey, trustee.

Complainant is the holder of ten promissory notes for $50 each, executed by defendant S. E. Evans, payable to Bringhurst-Reid Company, and indorsed (in blank) by the payee. Said notes are of date December 15, 1927. One of said notes matured on September 15, 1929, and one of the remaining nine notes matured on the 15th day of each successive month for nine months thereafter.

The above-mentioned ten notes (along with other notes not in controversy in this case) were pledged to the complainant by defendant Bringhurst-Reid Company, Inc., as collateral security to its note for $1,000, given for money loaned to said Bringhurst-Reid Company, Inc., by complainant, which said note for $1,000 is dated June 26, 1929, and was due ninety days after date.

At the time complainant acquired the aforesaid ten notes of S. E. Evans, they (together with twenty other notes of like tenor and amount, but prior in date of maturity) were secured by a trust deed to defendant Watson Butler, trustee, of date December 15, 1927, conveying to said trustee a certain lot or parcel of land in the registered plan of Bransford Realty Company's subdivision of the Edgar Jones home place in Davidson county, Tenn., which property is fully described in the record. The aforesaid trust deed was the first lien on said realty at the time of its execution and registration.

Subsequently, S. E. Evans conveyed said property by deed to K. O. Reid, trustee, with power to mortgage, sell, transfer, or convey same

(but without naming the cestui que trust). K. O. Reid, trustee, and Bringhurst-Reid Company conveyed the property to E. E. Murrey, trustee, to secure a note for $4,000 to the American Trust Company, and Bringhurst-Reid Company, by K. O. Reid, executed a marginal release of record in the register's office purporting to release and discharge the lien of the aforesaid trust deed to Watson Butler, trustee, by which the notes held by complainant were secured.

On August 21, 1928, defendants Bringhurst-Reid Company and K. O. Reid, trustee, conveyed said property, by deed, to defendants Walter J. Diehl and wife, Hazelle Diehl, and the grantees assumed a mortgage of $4,000 on said property executed by Bringhurst-Reid Company to defendant E. E. Murrey, trustee.

Defendants Walter J. Diehl and wife executed a mortgage on said property to defendant K. O. Reid, trustee, to secure twenty-five notes for $50 each, and one note for $1,300.

After the aforementioned transactions and before the bill in this case was filed, defendant Bringhurst-Reid Company was adjudged a bankrupt, and E. L. Dudney was appointed its trustee in bankruptcy.

Complainant alleges in her bill that the aforesaid purported release of the trust deed securing the ten notes held by her was wrongfully and fraudulently executed by K. O. Reid, without the knowledge or authority of complainant; and complainant prays that same be declared fraudulent and void and of no effect; that the indebtedness secured by the aforesaid trust deeds to E. E. Murrey, trustee, and K. O. Reid, trustee, be declared secondary to the rights of complainant in said property, and that the title of defendants Walter J. Diehl and wife, Hazelle, be decreed to be subject to complainant's prior claim for the satisfaction of the aforesaid notes held by her; and that she have a decree against the defendants S. E. Evans, Bringhurst-Reid Company, and E. L. Dudney, trustee in bankruptcy, etc., for $500, with interest from December 15, 1927, together with reasonable attorney's fees as provided in the said notes and trust deed securing same, and that said judgment be declared a prior lien on the aforesaid property, and that said property be sold for the satisfaction of said judgment.

An answer to complainant's bill was filed by E. E. Murrey, trustee, and a separate answer was filed by Walter J. Diehl and wife, Hazelle Diehl. The other defendants made no defense and the bill was taken for confessed as to them.

The deposition of Dr. Thomas M. Hudson, husband of complainant, with exhibits, was filed, and this, together with written stipulations of the parties with respect to certain facts, constituted the evidence upon which the case was heard below.

The chancellor's findings are incorporated in his decree and so

fully present the material features of the pleadings, the facts disclosed by the record, and the points in controversy, that we here copy the decree, as follows:

"This cause came on to be heard upon this and former days of the term, upon the regular call of the docket, before Chancellor R. B. C. Howell, holding part 1 of the chancery court at Nashville, upon the entire record in the cause, from all of which it appearing to the court:

"That the original bill was filed in the cause on April 13, 1931, against S. E. Evans and others, reciting that on December 15, 1927, said defendant executed a deed of trust to Watson Butler, trustee, covering the property mentioned in the bill, and to secure the payment of thirty monthly notes of that date in the sum of $50 each, payable to Bringhurst-Reid Company, the first of which notes was due January 15, 1928, and one on the 15th of each month thereafter; that the complainant, Mrs. Florence E. Hudson, was the lawful owner and holder of notes Nos. 21 to 30 of said series, being in the principal sum of $500, with interest from date, and all of which were indorsed by Bringhurst-Reid Company, and delivered to complainant for value prior to July 6, 1928, and since delivered have been in her possession; that on July 6, 1928, another defendant, K. O. Reid, wrongfully, fraudulently, and without complainant's authority, executed, or attempted to execute, a release of the entire series of said notes; that the defendant Bringhurst-Reid Company was bankrupt, and E. L. Dudney was acting as trustee for it; that on December 20, 1927, said defendant Evans sold said property to the defendant K. O. Reid, trustee, this deed being placed of record on July 6, 1928, the same day that said Reid executed, or attempted to execute, said release; that on August 21, 1928, said defendant Reid, as trustee, and Bringhurst-Reid Company conveyed said property to Walter J. Diehl and wife, Hazelle Diehl, the purchaser assuming a mortgage of $4,000, executed by Bringhurst-Reid Company to another defendant, E. E. Murrey, trustee, and on August 8, 1928, defendant Diehl and wife executed a mortgage on said property to K. O. Reid, trustee, to secure twenty-five notes, twenty-four for $50 each, and one for $1,300, the first of which was due October 1, 1928, and the others monthly thereafter. Said bill prayed that complainant have a decree against defendants Evans, Dudney, trustee, and Bringhurst-Reid Company, for said sum of $500, with interest and attorney's fees, and that said judgment be declared a prior lien on said property; that the attempted release of complainant's lien by the defendant Reid be declared fraudulent and void, and that the indebtedness secured by said deeds of trust executed by Diehl and wife to Reid, trustee, and by Bringhurst-Reid Company to E. E. Murrey, trustee, be declared secondary to complainant's right, and for general relief.

"The defendants S. E. Evans and K. O. Reid absconded, and at the time the bill was filed their whereabouts were unknown. Publication was made for them and pro confessos taken against said defendants and the other defendants to the bill, except Walter J. Diehl and wife, Hazelle Diehl, and E. E. Murrey, trustee. These defendants filed answers and made defense to the bill.

"Said Defendants, in their answers, admit the averments of the bill as to the record of instruments, but deny that complainant has any right to have a lien fixed upon said property to secure the notes which she claims to hold, and deny that said release by K. O. Reid was fraudulent or void, and aver that said release was made with full knowledge and authority of complainant, and was in fact a valid release, but that in any event complainant is estopped to attack said release, or assert any lien upon said property for the satisfaction of her claim for the reason that the defendant Walter J. Diehl in September of 1929 fully informed complainant and her solicitor, of the facts of his purchase of said property, and that he had obtained a deed thereto showing the same clear and unincumbered, and notwithstanding which, complainant neglected to take any action for nearly two years, and by reason of which facts and circumstances, and the other facts set up in said answer, complainant is estopped to assert the claims presented by the bill.

"The facts in the case are these: On December 15, 1927, S. E. Evans executed to Watson Butler, trustee, a deed of trust conveying the property mentioned in the bill, to secure thirty notes of $50 each, payable to Bringhurst-Reid Company monthly in a series commencing January 15, 1928. This deed of trust was placed of record in the register's office for Davidson county, Tenn., on December 20, 1927. On the same day that this deed of trust was placed of record S. E. Evans conveyed said property to K. O. Reid, trustee, with full power to mortgage, sell, transfer, or convey; the record disclosing that K. O. Reid was trustee for Bringhurst-Reid Company, but this not being stated in the deed of conveyance. This deed was placed of record on July 6, 1928.

"On July 1, 1928, Bringhurst-Reid Company and K. O. Reid, trustee for said company, conveyed the property to E. E. Murrey, trustee, to secure the American Trust Company the sum of $4,000, evidenced by one note due July 1, 1931. This instrument was recorded on the 11th day of July, 1928.

"On July 6, 1928, the lien of the deed of trust to Watson Butler, trustee, was released of record by Bringhurst-Reid Company, by K. O. Reid, president; the release being as follows:

" 'The entire debt secured herein having been paid in full to us, the lawful owners and holders thereof, we hereby release the lien on the within described property held to secure the payment of said debt.

" 'This 5th day of July, 1928.

" 'Bringhurst-Reid Company

" 'By K. O. Reid, President.

" 'Attest:

" 'W. H. Burton, Deputy Register.'

"On August 8, 1928, K. O. Reid, trustee, and Bringhurst-Reid Company conveyed said property to Walter J. Diehl and wife, the consideration being $1, other considerations, and the assumption of said note of $4,000 to the American Trust Company. This deed was recorded August 23, 1928. On the 8th day of August, 1928, Walter J. Diehl and wife executed a deed of trust to Reid, trustee, to secure Bringhurst-Reid Company the sum of $2,500, evidenced by twenty-five notes, twenty-four for $50 each, and one, the last, for $1,300; the first note maturing October 1, 1928, and the last October 1, 1930.

"As above stated, the bill in the cause was filed on April 13, 1931.

"The defendant Diehl paid all the notes secured by the deed of trust to K. O. Reid, trustee, as they severally matured, and at the time the bill was filed all of these notes had been paid and approximately $1,000 on the note of $4,000 to the American Trust Company.

"On September 17, 1929, complainant's solicitor wrote the defendant Diehl the following letter:

" 'Nashville, Tenn. Sep. 17, 1929.

" 'Mr. Walter J. Diehl, 2616 Jones Ave., City.

" 'Dear Sir: My client, Mrs. Florence E. Hudson, holds Notes Nos. 21 to 30 inclusive, $50.00 each of a series of 80 notes executed Dec. 15, 1927 by S. E. Evans secured by mtg. trust in B. 650, p. 296. In December, 1927 Mr. Evans conveyed the property to K. O. Reid, Trustee, by deed in B. 821, p. 271.

" 'July 1, 1928 Bringhurst-Reid Co. placed a mortgage on the property of $4,000.00 to American Trust Co. E. E. Murrey, Trustee, of record in B. 706, page 122. The record shows you purchased from them Aug. 21-28 by deed in B. 754, p. 468, and in that same month you made a mortgage to B. Reid Co. to secure 24 notes of $50.00 and 1 of $1300.00 of record in B. 650 P. 317.

" 'Mr. K. O. Reid July 6, 1928 released the lien in full on our notes. He had no right to do this as they were in our possession. We have just learned of the above situation and I am writing you that you may have the opportunity to protect yourself if possible. Kindly call by the office on receipt of this letter and I will give you what information I have. Yours truly,

" '[Signed.] Richard S. West.'

"Upon receipt of this letter and within a day or two thereafter, the said Diehl got in touch with complainant's solicitor and informed him he would not pay the notes for the reason that he had

partially paid for the premises, had obtained a deed showing it was clear and unencumbered, and that the notes which complainant claimed to hold had been released of record before he acquired the property. This information was communicated both to complainant and her husband.

"Complainant took no further action of any kind until the bill in this cause was filed, and in addition to paying said notes the defendant Walter J. Diehl has paid taxes on the property and made improvements thereon since he acquired it, and between the time he received said letter from Richard S. West, and the date of the filing of the bill in this cause.

"The only proof in the cause is the deposition of Dr. Thomas M. Hudson, husband of the complainant, Florence E. Hudson, and the stipulation of the parties.

"It further appears to the court from the record that on the same day that the deed of trust from S. E. Evans to Watson Butler, trustee, securing the notes, part of which complainant claims to hold, was placed of record in the register's office for Davidson county, Tenn., that is, December 20, 1927, the said S. E. Evans executed the deed to K. O. Reid, trustee, and which, however, was not placed of record until July 6, 1928; this deed reciting that the consideration was $1 and the assumption of a note of $3,500, and that the property was unincumbered except as herein assumed.

"Dr. Hudson states that he was acting for and on behalf of his wife, the complainant, Florence E. Hudson, and handled all of her financial matters and investments for her. He had known K. O. Reid for ten or twelve years, and was a personal friend of his, and previous to the transaction in question had had numerous other transactions with Bringhurst-Reid Company. Some time prior to February 15, 1928, the complainant, through her husband, loaned Bringhurst-Reid Company the sum of $1,000, taking a note due at ninety days, and attached to which were certain other notes as collateral; the exact notes placed as collateral with the original note of Bringhurst-Reid Company not being certain on the record. On or about February 15, 1928, this note of $1,000 matured, and at this time Bringhurst-Reid Company substituted for other collaterals, or placed as additional collateral, the series of S. E. Evans notes, save and except the first three or four. Thereafter, as this note for $1,000 would mature, Dr. Hudson would deliver to Bringhurst-Reid Company, or K. O. Reid, acting for them, three or four of the Evans notes, being those that would mature prior to the maturity of the $1,000 note, stating that the others were at all times retained in his possession. This note of $1,000 was thus renewed from time to time until June 26, 1929, when the last renewal was made for a period of ninety days; this note showing as part of the collateral 'Evans 10 x 50—500.' Both the $1,000 note and the

ten notes of S. E. Evans are exhibited with the deposition of Dr. Hudson.

"Upon cross-examination Dr. Hudson states that the other notes shown as collateral to the $1,000 note had not been collected, and that he had turned them over to his solicitor, but that nothing had been done with reference to them. He does not know whether they are liens upon property or not, but thought that they were. This witness states that he handled all of his wife's financial matters and investments, and had absolute confidence both in K. O. Reid and Bringhurst-Reid Company, and that at all times he was looking to Bringhurst-Reid Company for the amount of this loan rather than to the collateral; that as the $1,000 note would mature no payments were made thereon other than interest, and that if Bringhurst-Reid Company or K. O. Reid had collected some of the notes which had formerly been collateral to the $1,000 note and left with them upon the renewal of this note, no other collateral would be required or put up unless it amounted to some $300 or $400.

"That during all this time Dr. Hudson was looking to Bringhurst-Reid Company on the $1,000 note and it was immaterial to him what they or K. O. Reid did as far as the collateral notes were concerned, although he insists that he would not have made any loan unless what he considered sufficient collateral was attached thereto.

"At the time Dr. Hudson made this loan in 1926, and at the time the Evans notes were placed as collateral thereto upon renewal, he made no investigation whatever with reference to either the collateral or the security behind it, but states that he trusted K. O. Reid, who was his friend, and had every confidence in Bringhurst-Reid Company.

"As stated above, when complainant's solicitor on September 17, 1929, wrote the defendant Walter J. Diehl the letter quoted above, complainant and her husband received full information of the entire transaction, and were informed that said defendant had obligated himself for several thousand dollars for the purchase of this property, and was relying upon his deed and the record which had been investigated at the time he made his purchase, and notwithstanding which complainant took no action until the bill was filed in April of 1931.

"Upon the entire record the court is of opinion that the defendants Walter J. Diehl and wife, as purchasers of the property from K. O. Reid, trustee, and Bringhurst-Reid Company, and E. E. Murrey, as trustee under the deed of trust to secure the American Trust Company its note of $4,000, have not been guilty of any negligence in connection with said matters, and that upon the facts of this case were entitled to rely upon the record showing that said property was clear and unincumbered, as stated in said deed and deed of trust. On the other hand, the court is of opinion that the

complainant and her husband, acting for her and on her behalf, were guilty of negligence, and that it was due to this fact that K. O. Reid and Bringhurst-Reid Company were enabled to practice the frauds which were apparently practiced in this cause, and that if the complainant, or her husband, had made any investigations at the time the Evans notes were placed as collateral security for complainant's loan to Bringhurst-Reid Company in February of 1928, they would have ascertained that these notes were not good, and could have learned the facts with reference to this transaction.

"It further appears that in September of 1929, when complainant's solicitor wrote the defendant Walter J. Diehl the letter above quoted, that complainant and her husband and her solicitor were all fully informed of the facts with reference to the sale and purchase of said property, and the release that had been executed by K. O. Reid, as president of Bringhurst- Reid Company, and that they were also informed by said defendant Diehl that he had partially paid for the premises, and obligated himself for the full purchase price, and yet they took no steps whatever to set aside said release, or enforce their rights, and assert their claims until this bill was filed in April of 1931. In the interim the defendant Diehl had paid all of the notes executed to Bringhurst-Reid Company under the deed of trust to K. O. Reid, trustee, and approximately $1,000 on the indebtedness to American Trust Company secured by the deed of trust to E. E. Murrey, trustee, and other expenses for taxes and improvements on the property, and from all of which the court is of the further opinion that a duty rested upon the complainant to assert her claims and demands, and that by reason of her failure so to do, at a time when the duty rested upon her, has brought about the situation presented upon this record, and that without fault of the defendants Diehl and wife and E. E. Murrey, trustee.

"The court is further of opinion, upon the entire facts of this record, that Dr. Hudson, acting for and on behalf of his wife, by his course of dealing with K. O. Reid and Bringhurst-Reid Company, in fact, authorized the said K. O. Reid to handle the matters pertaining to this collateral as to him seemed best, and that upon this record K. O. Reid, as president of Bringhurst-Reid Company, was authorized to make said release. The court is also of opinion upon the entire record that all the equities are in favor of the defendants Diehl and wife and Murrey, trustee, and that there are no equities entitling complainant to set aside the aforesaid release, and have her notes now declared a lien upon this property.

"It is, therefore, ordered, adjudged and decreed by the court that the original bill be, and the same hereby is, dismissed, at complainant's costs, for which execution will issue against her, and the surety on her prosecution bond.

544

"To all of the foregoing the complainant excepts, and prays an appeal to the present term of the Court of Appeals sitting at Nashville, and which is by the court allowed upon execution of bond in the sum of $250. In the event of appeal the original exhibits will not be copied but will be filed with the transcript."

The complainant perfected her appeal and has filed assignments of error numbered 1 to 9, inclusive. The first, second, and third assignments do not purport to point out affirmative error in the chancellor's decree, but assert that the chancellor erred in "failing and refusing" to decree in favor of complainant in the several particulars prayed for in complainant's bill as hereinbefore stated.

The remaining assignments (with their respective numbers) are, that the chancellor erred in decreeing:

(4) "That defendants Walter J. Diehl and wife as purchasers of the property from K. O. Reid, Trustee, and Bringhurst-Reid Company, and E. E. Murrey as Trustee, have not been guilty of any negligence in connection with said matters, and that upon the facts of this case were entitled to rely upon the record showing the title clear and unencumbered;"

(5) "That complainant and her husband acting for and on her behalf were guilty of negligence and that it was due to this fact that K. O. Reid and Bringhurst-Reid Company were enabled to practice the frauds which were apparently practiced in this cause, and that if complainant or her husband had made any investigations at the time the Evans notes were placed as collateral security for complainants' loan to Bringhurst-Reid Company in February, 1928, they would have ascertained that these notes were not good and could have learned the facts with reference to the transactions;"

(6) "That complainant was estopped for the reason that when said letter of their solicitor, Richard S. West, was written, defendant, Walter J. Diehl, in September, 1929, and no further steps taken to set aside said release until the bill was filed in April, 1931, (and) that the duty rested on complainant to assert her claims and demands promptly;"

(7) "That by complainant's course of dealing with K. O. Reid and Bringhurst-Reid Company to handle the matters pertaining to this collateral as to him seemed best, and that upon this record K. O. Reid as President of Bringhurst-Reid Company was authorized to make said release;"

(8) "That upon the entire record, all the equities were in favor of the defendants Diehl and wife and Murrey, Trustee, and that there were no equities entitling complainant to set aside the said release;" and

(9) "That complainant's bill be dismissed and taxing the complainant with the cost."

The ninth assignment, supra, standing alone, is too general

and indefinite to merit consideration as an assignment of error, for the published rules of this court and of the Supreme Court require that assignments of error shall state specifically wherein the action complained of is erroneous.

Upon an examination and a full consideration of the evidence in the record, including the facts admitted by the stipulations of the parties, we concur in the chancellor's findings and conclusions as stated in his decree, except that we disagree with the learned chancellor in his finding that, "upon this record, K. O. Reid, as President of Bringhurst-Reid Company was authorized to make said release."

Although there was an established course of dealing between complainant and the Bringhurst-Reid Company by which maturing notes held by complainant as collaterial security to the note of Bringhurst-Reid Company were surrendered to Bringhurst-Reid Company and other collaterals substituted therefor, and accordingly a number of the series of S. E. Evans notes had been thus surrendered, we find no warrant in the record for the conclusion that the Bringhurst-Reid Company (or K. O. Reid as its president) was "authorized" to release the lien of the trust deed securing any collateral notes so long as they remained in the possession of complainant. The appellant's seventh assignment of error is, therefore, sustained.

If the decision of this case rested alone upon the determination of the question as to whether Bringhurst-Reid Company was authorized by complainant to release the lien of the trust deed securing the S. E. Evans notes then held by complainant, the complainant would, we think, be entitled to the priority sought by her bill. It is "well settled that the security given for the payment of negotiable paper passes with the negotiated paper to the acquiring holder," and the original payee or holder cannot, after negotiation, affect the rights of the holder in due course. Neely v. Saunders Co., 169 Tenn., 30, 36, 37, 81 S. W. (2d) 390, 392; W. C. Early Co. v. Williams, 135 Tenn., 249, 186 S. W., 102, L. R. A. 1916F, 418; 41 C. J., p. 585, sec. 548.

But without dwelling upon the effect of the chancellor's findings (in which we concur) that complainant was, in her dealings with Bringhurst-Reid Company and K. O. Reid, guilty of neglect and incaution, and was the victim of a misplaced confidence from which she could have protected herself by the exercise of a reasonable degree of care, and that defendants Diehl and wife and Murrey, trustee, were not negligent in connection with the matters in controversy, we are of the opinion that complainant's bill was properly dismissed because of her laches after her discovery of all the facts in September, 1929, including knowledge that Diehl and wife would resist her claim. With this knowledge, she

was silent, and "slept on her rights" (if any she had), until April 13, 1931, a period of approximately twenty months, during which period Diehl and wife made large payments on their obligations for the purchase price of the property, paid the taxes on the property, and made substantial improvements thereon.

"In accordance with the general doctrine of laches as applied in equity, a mortgagee, who, having become aware of the fact that an invalid release has been entered against his mortgage, does not take steps within a reasonable time to set such release aside, but allows third persons to rely thereon to their detriment, may lose his right to relief on the ground of laches." 41 C. J., p. 592.

"Equity aids the vigilant, not those who sleep upon their rights." Gibson's Suits in Chancery (Higgins and Crownover Edition), sections 68-70; Pom. Eq. Juris, 4th Ed., secs. 418-419; 21 C. J., page 193, secs. 179-181; 10 R. C. L., page 388, par. 138; In re Estate of Houston, 205 Cal., 276, 270 P. 939, 60 A. L. R., 730, 735; Winter v. Allen, 166 Tenn., 281, 284, 62 S. W. (2d), 51.

Under the maxim of equity above quoted, relief has been frequently denied to parties seeking the rescission of contracts whereby they had been defrauded, but who, upon discovery of the fraud, had withheld action for an unreasonable time under circumstances indicating acquiescence. In these cases it was held that the right claimed must be promptly asserted after notice of the fraud has been acquired. Pearsons v. Washington College, 130 Tenn., 601, 606, 172 S. W., 314; Precious Blood Society v. Elsythe, 102 Tenn., 40, 50 S. W., 759; Landreth Co. v. Schevencl, 102 Tenn., 486, 52 S. W., 148; Woodfolk v. Marley, 98 Tenn., 467, 40 S. W., 479; Ruohs v. Third Nat. Bank, 94 Tenn., 57, 73, 28 S. W., 303; Street Railway Co. v. Giardino, 116 Tenn., 368, 92 S. W., 855.

In one of the cases cited with approval in Pearsons v. Washington College, supra, ten months was held too long a delay; in another case fifteen months; in another case seventeen months; and in another case three years.

We are of the opinion that appellant is estopped to claim priority over defendants Diehl and wife and Murrey, trustee, by reason of her delay in the institution of her suit and the resulting injury to the defendants. Appellant's assignments of error (except 'the seventh) are, therefore, overruled, and the decree of the chancery court dismissing complainant's bill at her cost is affirmed.

The costs of the appeal will be adjudged against the appellant and the surety on her appeal bond.

Crownover and Felts, JJ., concur.

On Petitions for a Rehearing.

Faw, P. J. On a former day of the present term an opinion was filed and a decree entered affirming the decree of the chancery court in this case which dismissed plaintiff's bill at her cost.

In this court, the appellant, Mrs. Florence E. Hudson, filed nine assignments of error, all of which were overruled, except the seventh assignment, through which appellant asserted that the chancellor erred in decreeing "that by complainant's course of dealing with K. O. Reid and Bringhurst-Reid Company to handle the matters pertaining to this collateral as to him seemed best, and that upon this record K. O. Reid as President of Bringhurst-Reid Company was authorized to make said release."

As stated in our former written opinion, we disagreed with the learned chancellor in his finding that "upon this record K. O. Reid, as President of Bringhurst-Reid Company was authorized to make said release;" and upon this subject we said:

"Although there was an established course of dealing between complainant and the Bringhurst-Reid Company by which maturing notes held by complainant as collateral security to the note of Bringhurst-Reid Company were surrendered to Bringhurst-Reid Company and other collaterals substituted therefor, and accordingly a number of the series of S. E. Evans notes had been thus surrendered, we find no warrant in the record for the conclusion that the Bringhurst-Reid Company (or K. O. Reid as its President) was 'authorized' to release the lien of the trust deed securing any collateral notes so long as they remained in the possession of complainant. The appellant's seventh assignment of error is, therefore, sustained."

However, we held that our ruling upon appellant's seventh assignment of error did not affect the result; in that, by reason of other facts disclosed by the record, the chancellor did not err in dismissing complainant's bill and taxing her with the costs.

Within ten days after our former opinion was filed, the appellees, E. E. Murrey, trustee, and Walter H. Diehl and wife, filed a petition asking this court to grant a rehearing as to that part of our former opinion sustaining the appellant's seventh assignment of error. The petition calls our attention to the opinions of our Supreme Court in the cases of Conaway v. New York Life Insurance Co. et al., February 27, 1937, 171 Tenn., 290, 102 S. W. (2d), 66; and Fidelity Mutual Life Insurance Co. v. Guess et al., January 16, 1937, 171 Tenn., 205, 101 S. W. (2d), 694, which opinions had not been published when the briefs in the instant case were filed, and our attention had not been directed to these opinion when our former opinion was prepared.

It is said in the petition of appellees that the case of Conaway v. New York Life Insurance Co., supra, "is almost identical with the instant case, except in a few unimportant details, as to the material facts, and presents the same situation which is presented by this record, and the Court held in conformity with the decree of the Chancellor, and as stated in his decree."

It is also stated in the petition of appellees that the case of Fidelity Mutual Life Insurance Co. v. Guess et al., supra, sustains the main position of appellees, and announces the rule applicable to the instant case as contended for by appellees in their brief.

We have carefully examined the two opinions thus cited in the petition of appellees, and, in our opinion, neither of them is apposite to the case in hand.

Each of the two cases involved the determination of the question of whether the act of one who was admittedly an agent, with very broad powers, was within the scope, or apparent scope, of his authority in the representation of his principal.

In the instant case, the Bringhurst-Reid Company was the debtor, not the agent, of the complainant Mrs. Hudson. Of course, a creditor might, by express authorization, or by a course of dealing from which authority would be implied, constitute his debtor his agent for the performance of certain acts; but as stated, in substance, in our former opinion, the proof does not show that complainant at any time, either expressly or impliedly, authorized the Bringhurst-Reid Company (or K. O. Reid, its president) to release the lien securing any collateral notes so long as they remained in the possession of complainant. It is true that complainant from time to time surrendered to Bringhurst-Reid Company notes held by her as collateral security to the note of the Bringhurst-Reid Company, with the understanding that other notes would be substituted therefor; but the Bringhurst-Reid Company did not take such surrendered notes for collection as the agent of complainant. The Bringhurst-Reid Company took and held such surrendered notes in its own right, with power to collect them for its own use, and, if they were lien notes, to release the lien; but it did not follow from this that the Bringhurst-Reid Company was authorized to release the lien of notes which had not been surrendered to it, and which were in the actual and lawful possession of complainant as security for her loan to the Bringhurst-Reid Company.

The petition of appellees for a rehearing is denied and dismissed at their cost.

The appellant, Mrs. Florence E. Hudson, has filed a petition for a rehearing of the case on all of her assignments of error except the seventh; but this petitioner's counsel seems to have overlooked the long published rule of this court, rule 22, which provides that "petitions for rehearing and for other or additional findings of fact in any case must be filed within ten days after the opinion of the Court is filed." See William's Annotated Code, Vol. 7, p. 552; Appendix to 1 Tennessee Appeals Reports, page V. The Supreme Court has the same rule. William's Annotated Code, Vol. 7, p. 535.

The opinion of this court in this case was filed on July 17, 1937, and the appellant's petition was not filed until August 2, 1937, it

therefore, came too late, and it is denied and dismissed at the cost of petitioner.

Crownover and Felts, JJ., concur.