FISKE et al. v. GRIDER.—156 S. W. (2d), 82.

Middle Section. June 21, 1941.

Petition for Certiorari denied by Supreme Court, December 6, 1941.

P. J. Anderson and Garland Anderson, both of Gainesboro, and G. C. Peek, of Livingston, for proponent-plaintiff.

E. D. White and B. H. Hunt, both of Livingston, for defendants.

HOWELL, J. This is a will contest from the Circuit Court of Overton County. Upon a former trial in the same court there was a directed verdict against the will, and upon appeal the Supreme Court as shown in the reported opinion in 174 Tenn., at page 243, 124 S. W. (2d), at page 709, remanded the case to the trial court for trial de novo.

Upon the last trial the jury found against the will and in favor of the contestants, and the proponent Jim J. Grider has appealed in error to this court and has assigned errors as follows:

"1. The Court erred in admitting the testimony of witnesses with respect to the alleged conversations with the testatrix, by reason of the fact that the main contention here is that the will in question is a forgery.

"2. The Court erred in permitting an alleged judgment of the County Court with respect to some alleged insanity proceedings being offered before the jury for the reason that such an alleged order or decree was not backed by any record of any kind, and no record of any manner could be produced. The subsequent withdrawal of this from the jury by the Court manifestly could not cure the damage which had already occurred by reason of its admission.

"3. The Court erred in overruling the proponent's motion for a new trial, taxing him with the costs and adjudging the paper writing not to be the last will and testament of the deceased, Mary C. Grider and dismissing the suit."

Mary C. Grider, wife of the proponent Jim J. Grider, died August 31, 1935, and thereafter on November 21, 1935, her husband offered for probate in the County Court of Overton County a paper writing averring that it was the holographic last will of his said wife, and which was as follows:

"I, Mary Fiske Grider, this day, May 8, 1929, will all the property I have at Hilham, Tennessee, including all household goods to my husband, Jim J. Grider.

"(Signed) Mary C. Grider."

The contestants interposed pleas that the paper writing was not the will of Mary C. Grider but a forgery or otherwise a false

document, and that the deceased Mary C. Grider was incapable of making a valid will because she was mentally incompetent at the time said will was said to have been made, and for a long time prior thereto.

We do not deem it necessary to set out in detail the testimony upon the trial of this case, but consider it sufficient to say that there is competent proof in the record upon which the jury could have based its finding that this writing was not the last will and testament of Mary C. Grider, upon either of the grounds mentioned, viz.: that it was a false document or that she was mentally incapable of executing a valid will.

 The first and third assignments of error are too general and indefinite as no testimony complained of is referred to, set out or cited and no specific action of the court is complained of. Rule 11, Sections two and three of this court provide that the assignments of error shall contain:

"A statement of the errors of fact or law relied upon to reverse or modify the same, showing specifically wherein the action complained of is erroneous, and how it prejudiced the rights of the appellant, or plaintiff in error, with references to the pages of the record where the ruling of the Court on matters constituting errors of law appeared; and, in case it is an error of fact, to the pages of the record where the testimony relied upon to sustain the same is to be found.

"When the error is in the action of the Court upon a preliminary motion, demurrer or plea, the substance of such motion, demurrer or plea shall be stated, and the action of the Court thereon, citing the pages of the transcript where same appears. When the error alleged is to the admission or rejection of evidence, the specification shall quote the full substance of the evidence admitted or rejected, with citation of record where the evidence and ruling may be found. When the error alleged is upon the charge of the Court, the part complained of, whether it be instructions given or instructions refused, shall be set out. • When the error is to a ruling upon the report of a master, the exception to the report, and the ruling of the Court thereon, shall be set out so that it may plainly appear; and if it be a question of fact upon which master and chancellor have concurred or disagreed, it shall be so stated."

In the case of Brockett v. Pipkin (Tenn. App.), 149 S. W. (2d), 478, on page 482 it is said: "With respect to the first and second assignments of error, supra, the motion to strike is sustained. The first and second assignments are too general and indefinite to merit consideration under the Rules of this Court which require that assignments of error shall show specifically wherein the action complained of is erroneous. See Rules, Williams' Annotated Code, vol. 7, page 546; 2 Ency. Pl. & Pr., page 953; Grundy County v. Tennessee Co., etc., Co., 94 Tenn., 295, 298, 303, 29 S. W., 116; Stone v.

238

Stonecipher, 7 Tenn. App., 614, 617; Elbinger Shoe Co. v. Thomas, 1 Tenn. App., 161, 162, 163; Thurman v. Bradford [3 Higgins, 474], 3 Tenn. Civ. App., 474, 475; Adamant Stone & Roofing Co. v. Vaughn, 7 Tenn. App., 170, 173; Memphis v. Byrne, 9 Tenn. App., 379, 382; Taylor v. Taylor, 14 Tenn. App., 101, 120, 121; Pollard v. Beene, 20 Tenn. App., 83, 88, 95 S. W. (2d), 943.''

Also see Hudson v. Evans, 21 Tenn. App., 535, 113 S. W. (2d), 407. Taylor v. Taylor, 14 Tenn. App., 101; and Thurman v. Bradford, 3 Higgins, 474, 3 Tenn. Civ. App., 474.

In the brief of counsel the testimony of Jim Cobble on pages 233 and 234 of the transcript and that of Mrs. Martha Cobble on page 239 is referred to. The grounds of the objection to this testimony are not stated. See Gibson v. Parkey, 142 Tenn., 99, 217 S. W., 647; Thompson v. Anderson, 2 Shannon Cas., 161. If such testimony is objected to because it refers to conversations with the testatrix not in the presence of Mr. Grider, we think it could not have affected the verdict, and if erroneous no harm resulted from the action of the trial court.

The witnesses were not parties to the suit and it is not shown that they had any interest whatever in its result. In the absence of knowledge as to the grounds of the exceptions to this testimony we cannot say that the court erred in admitting it.

As to the second assignment of error:

While no citations to the record are given in this assignment, it appears on page 251 et seq. of the transcript that the court overruled temporarily exceptions to the admission of a purported copy of a decree of the County Court of Overton County with reference to the sanity of the wife of plaintiff, and then when the clerk reported later that he did not find any further record in the case, the court took the matter under consideration, and on page 265 of the transcript said to the jury:

''So, Gentlemen of the jury, you will not consider and the court strikes from the record, the purported judgment of the County Court adjudging the deceased, Mrs. Mary C. (Fiske) Grider of unsound mind, I believe sometime in March, 1929; as to whether or not she was a person of sound or unsound mind will be a matter that you will consider, as far as that part is concerned, the Court sustains and strikes the same from the record and you will not consider that action of the County Court, adjudging her of unsound mind.

''By Mr. White:

''We except to the action of the court. Your Honor's holding does not preclude the jury from their judgment as to whether or not she was of sound or unsound mind under the record in this case.

''By the Court:

''Of course not. I am just taking this out of the record.''

If it was error to admit the testimony, then the error was

certainly corrected by these instructions to the jury. We cannot presume that the jury absolutely ignored the instructions of the court. Further, there was evidence other than the order of the County Court upon which the jury could have acted.

Michie's Digest Vol. 1, par., 311, is as follows: ''As a general rule the inadvertent admission of incompetent evidence does not constitute reversible error, if it is subsequently wholly withdrawn, and the jury instructed in plain and unmistakable terms to disregard it, and the Court cannot see that injury or prejudice has resulted to the complaining party.'' Citing, Southern Ry. Co. v. Brubeck, 6 Tenn. App., 493; Irvine v. State, 104 Tenn., 132, 56 S. W., 845.

See, also, State v. Ray, 104 Tenn., 33, 54 S. W., 978.

We have carefully examined the record in this cause and are satisfied that the parties had a fair trial upon the merits and that the finding of the jury against this will, which was approved by the trial judge, should stand, as no material error of law appears.

The assignments of error are overruled and the judgment of the Circuit Court affirmed. The appellant will pay the costs.

Affirmed.

Crownover, P. J., and Felts, J., concur.