WASHINGTON FURNITURE COMPANY v. BENJAMIN POTTER ET AL.

(Filed 10 September, 1924.)

### 1. Mortgages—Title—Merger—Presumptions—Intention of Parties.

While ordinarily when the mortgagee of lands afterwards acquires the mortgagor's equity of redemption, the lesser interest merges into the greater, and he becomes the owner of the full title, this result will not follow when the merger would be inimical to the interest of the owner, or would prevent his setting up the mortgage to defeat an intermediate title, such as a subsequent lien or a second mortgage, unless the parties otherwise intended, which will not be presumed contrary to the apparent interest of the parties.

### 2. Same—Instructions—Evidence—Appeal and Error.

Where the mortgagee of lands has later acquired the mortgagor's equity of redemption, and there is evidence that it was not the intention of the parties to effect a merger to defeat his rights against a junior mortgage it is reversible error for the trial judge to instruct the jury to the contrary.

APPEAL by defendants from *Devin, J.,* at February Term, 1924, of BEAUFORT.

Civil action, by assignee of junior mortgage on lands, to enjoin the foreclosure of a senior mortgage on the same lands, upon the ground that said senior mortgage has been extinguished by merger, the assignee thereof having purchased the equity of redemption in the mortgaged premises.

From a verdict and judgment in favor of plaintiff the defendants appeal, assigning errors.

*Ward & Grimes for defendants.*

STACY, J.  The essential facts are as follows:

1. On 4 March, 1920, J. R. Rowe and wife, being the owners of certain real estate, mortgaged the same to Benjamin Potter to secure the payment of $150.00, evidenced by three promissory notes.  This mortgage was duly registered on 22 March, 1920, and in September of that year it was assigned to J. E. Overton by endorsement, as follows: "I hereby transfer the within mortgage, and notes thereto, to J. E. Overton, without recourse to Benjamin Potter." (*Williams v. Teachey,* 85 N. C., 402; *Morton v. Lumber Co.,* 154 N. C., 336.)

2. On 28 June, 1920, a second mortgage, covering the same premises, was executed by J. R. Rowe and wife to Gorham & Bonner to secure

10—188

the payment of $475.00. This mortgage was duly registered 2 July, 1920, and thereafter assigned and transferred to the plaintiff for a valuable consideration.

3. On 4 October, 1920, J. R. Rowe and wife, by deed, containing full covenants of warranty, conveyed said mortgaged premises to J. E. Overton.

4. J. E. Overton, through his assignor, having advertised the property for sale under the first mortgage, the plaintiff, assignee of the second mortgage, brings this action to enjoin the sale, alleging that the first mortgage has been extinguished by merger, the assignee thereof having purchased the equity of redemption in the mortgaged premises. It is admitted that the value of the land is less than the balance due on the debts secured by the two mortgages.

5. There was allegation to the effect that the defendant J. E. Overton agreed to relinquish his rights under the first mortgage, and that this was taken into consideration in adjusting the purchase price of the land, or the amount he was to pay for the mortgagors' equity of redemption. But this was denied by Overton. He testified that no extinguishment of the first mortgage was intended, because such would work a forfeiture of his interests thereunder.

6. The trial court instructed the jury peremptorily that, upon the record evidence, the second mortgage—the one held by plaintiff—had become a first lien upon the property, because the senior mortgage had been extinguished by merger. To this instruction the defendants excepted, and the same is assigned as error.

It is undoubtedly the general rule of law that where one who holds a mortgage on real estate becomes the owner of the fee, and the two estates are thus united in the same person, ordinarily the former estate merges in the latter. *Hutchins v. Carleton,* 19 N. H., 487. The equitable or lesser estate is said to be swallowed up, or "drowned out," by the legal or greater interest. But this rule does not apply where such merger would be inimical to the interests of the owner, as, for example, where it would prevent his setting up the mortgage to defeat an intermediate title—such as a subsequent lien or a second mortgage, as in the instant case—unless the parties intended otherwise; and this intention will not be presumed contrary to the apparent interests of the owner. *Hines v. Ward,* 121 Cal., 115; Jones on Mortgages, sec. 870; 19 R. C. L., 484; Note: 39 L. R. A. (N. S.), 834, *et seq.* As to whether such was intended by the parties is a question of fact; and the courts will "permit or prevent the application of the doctrine as the same may accord with the intent of the parties and the right and justice of the matter." *Odom v. Morgan,* 177 N. C., p. 369.

The following statement of the law, taken from 27 Cyc., 1379, we apprehend, is applicable, in substance at least, to the facts of the present case:

"The technical doctrine of merger will not be applied contrary to the agreement or the express or implied intention of the parties; and, therefore, in equity, there will be no merger of estates when a mortgagee receives a conveyance of the equity of redemption, when such a result would be contrary to his real intention in the transaction, or to the bargain made by the parties at the time. This is the case where the mortgagee means to keep the security alive for his own protection as against other liens or encumbrances, and also where the conveyance is not intended by the parties to be in satisfaction of the mortgage debt, but only as additional security for it. The question whether or not the parties intended that a merger of estates should take place is a question of fact. It is not settled by the mere recording of the deed. But the intention that there should be no merger may be shown by a stipulation in the deed or other express declaration of the parties, or the fact that the mortgage does not cancel or surrender the evidences of the debt or release the mortgage, but on the contrary, retains them, or that he assigns the mortgage to a bona fide purchaser, representing it as a good and valid security. On the other hand, if he assumes to deal with the estate as absolute owner, and conveys it to another, it proves a merger. In the absence of any such proof, the question must be determined by a preponderance of the evidence presented."

In the face of defendant's testimony that no merger or extinguishment of the senior mortgage was intended, the court's peremptory instruction to the contrary was erroneous. The cause will be remanded, to the end that it may be submitted to another jury under instructions not inconsistent with the principles announced herein.

New trial.