## Staunton

### J. P. Joyner v. C. S. Graybeal, Et Al.

September 11, 1963.

Record No. 5620.

Present, Eggleston, C. J., and Spratley, Buchanan, Snead, l'Anson and Carrico, JJ.

The opinion states the case.

*Jay A. Price* (*Snidow, Devore & Price*, on brief), for the plaintiff in error.

*Max Jenkins (John M. Goldsmith,* on brief), for the defendants in error.

I'ANSON, J., delivered the opinion of the court.

C. S. Graybeal, plaintiff, obtained a judgment by confession on a negotiable promissory note against R. S. Altizer, the maker, and J. P. Joyner, indorser. Thereafter the defendant, Joyner, served notice on the plaintiff, pursuant to § 8-357, Code of 1950, 1957 Rep. Vol., that he would move the trial court to set aside the judgment against him on the ground that the plaintiff had released him from liability as an indorser on the note. Altizer took no action to set aside the judgment against him.

After hearing evidence without the intervention of a jury, the trial court overruled the defendant's motion to vacate and annul the judgment, entered final judgment for the plaintiff, and defendant is here on a writ of error.

The defendant contends that the trial court erred in holding that the plaintiff had not released him from liability on the note and in refusing to set aside the judgment.

The evidence shows that on August 9, 1957, defendant, who operated an automobile sales agency under the style of Montgomery Motors, Inc., sold Altizer a new automobile. As a part of the consideration of the sale Altizer executed a negotiable promissory note in the amount of $2550, with interest thereon, payable to the defendant, or order, six months after date, and the certificate of title to the motor vehicle recited thereon that a conditional sales contract lien was retained by Montgomery Motors, Inc., for the principal amount of the note. Plaintiff conceded that the defendant was the alter ego of the corporation.

Thereafter, the defendant indorsed the note and delivered it with the certificate of title to the plaintiff. Payments on the note were made by Altizer to the plaintiff until July 8, 1961, after which there were no further payments.

On January 19, 1962, plaintiff requested Altizer to accompany him before a notary public to transfer the title to the automobile to him. The form on the reverse side of the title certificate for transferring the title to the car was completed by the notary at the direction of the plaintiff and signed by Altizer. The clause on the certificate transferring the title to the plaintiff showed that the sale was for cash,

although no money was passed between the parties, and that there were no liens on the car. This transaction was unknown to the defendant at that time.

On February 6, 1962, judgment was confessed against the defendant and Altizer for $1370, the balance due on the note, plus interest and cost of collection.

The defendant argues that when the plaintiff elected to have Altizer transfer to him title to the automobile, plaintiff's action satisfied the indebtedness by impairment of the security and discharged defendant's liability as indorser on the note.

We think that the defendant's argument is sound.

■ Defendant's transfer of the negotiable note and delivery of the certificate of title to plaintiff carried with it the title to all liens and every remedy and security that was incidental to the note and title, without any formal assignment or indorsement of the lien. *Hudson* v. *Evans*, 21 Tenn. App. 535, 113 S. W. 2d 407, 413; 8 Am. Jur., Bills and Notes, § 339, p. 74; 10 C. J. S., Bills and Notes, § 203, pp. 690, 691; 53 C. J. S., Liens, § 11, pp. 858, 859. See *Fidelity & Deposit Co.* v. *Moore*, 177 Va. 341, 348, 14 S. E. 2d 307, 310; *Williams* v. *Gifford*, 139 Va. 779, 784, 124 S. E. 403, 404.

■ The notation on the title certificate to the automobile shows that a lien was reserved by a conditional sales contract. Thus, after default by Altizer the plaintiff as holder of the note and lien could have enforced the lien pursuant to § 55-91, Code of 1950, 1959 Rep. Vol., or he could have sold the automobile at public auction in accordance with the provisions of Code § 55-93. Rather than proceeding to enforce the conditional sales contract lien in a manner provided by law, the plaintiff elected to have Altizer transfer to him title to the automobile without the knowledge of the defendant.

When one acquires absolute title to property which secures his debt, in the absence of evidence showing a contrary intention it is presumed that he intended to merge his secured interest into the legal title acquired. See *Thompson, Adm'r* v. *Hudgens*, 161 S. C. 450, 159 S. E. 807, 810; *Pitts Banking Co.* v. *Fenn*, 160 Ga. 854, 129 S. E. 105, 107; *Washington Furniture Co.* v. *Potter*, 188 N. C. 145, 124 S. E. 122, 123; 53 C. J. S., Liens, § 17(5), pp. 865, 866.

In the present case, at the direction of the plaintiff the word "None" was written in the transfer clause on the back of the title certificate where outstanding liens were to. be noted. This shows that the plaintiff did not intend to preserve the lien appearing on the

face of the certificate at the time title was transferred to him. Since there is no evidence to rebut the presumption that the plaintiff intended to merge the lien into his legal title when he acquired ownership of the car, by this act he extinguished the lien and eliminated the security.

Where the security which an indorser could use to satisfy his right of action against the maker of a note is impaired by an act of the holder, the indorser is discharged from liability on the instrument. *Commerce Union Bank* v. *Jackson*, 21 Tenn. App. 412, 111 S. W. 2d 870, 872; *Tomkins* v. *Tomkins*, 78 Colo. 574, 243 P. 632, 634, 635; *Passman* v. *Budnizky*, 284 Ill. App. 533, 1 N. E. 2d 707, 709; 10 C. J. S., Bills and Notes, § 476d, p. 1039; 8 Am. Jur., Bills and Notes, § 820, p. 471.

Since defendant's only security as an indorser was extinguished by the merger of the lien into plaintiff's legal title to the automobile, the latter's act impaired the defendant's security and discharged him from liability as an indorser. Moreover, to permit the plaintiff to take title to the automobile and, further, to obtain a judgment against the defendant for the balance due on the note would be inequitable and allow him a double recovery.

For the reasons stated, the judgment of the court below is reversed and final judgment is here entered for the defendant.

*Reversed and final judgment.*