PER CURIAM.
Defendant seeks review by interlocutory appeal of an order entered by -the chancellor sustaining in part and overruling in part plaintiff’s objection to written interrogatories served on it by defendant.
Subsequent to the filing of the complaint herein defendant served on plaintiff nineteen written interrogatories, most of which. contain several subdivisions. Plaintiff filed its written objection to the interrogatories on the principal grounds that they are immaterial to the issues in the cause, cannot lead to evidence that is material, and are designed merely to harass plaintiff. After hearing the chancellor rendered the order appealed herein overruling plaintiff’s objection to eleven of the interrogatories, and sustaining its objection to the remainder. In addition the chancellor ordered plaintiff to produce and submit to defendant for inspection and copying all of the specified documents forming the basis of the cause of action sued upon.
It is appellant’s contention that the chancellor committed prejudicial error and abused his discretion in denying defendant access to the information and evidence requested in those interrogatories to which objection was sustained. We have reviewed the interrogatories in question and carefully considered the argument advanced by the respective parties concerning the correctness of the order appealed. In con- *658 «deration of the nature of the cause of action alleged in the complaint, the documents and information which plaintiff is required to furnish defendant pursuant to the requirements of those interrogatories to which objection was overruled, it is •our conclusion that appellant has failed to demonstrate error or an abuse of discretion by the chancellor in rendering the order appealed. In the absence of clearly demonstrated error, an appellate court will not ordinarily disturb the broad discretion accorded a trial court in ruling on objections to interrogatories.[1]
The order appealed is accordingly affirmed and the interlocutory appeal dismissed.
RAWLS, C. J., and WIGGINTON and CARROLL, DONALD K, JJ., concur.

. Charles Sales Corp. v. Rovenger, (Fla.1956) 88 So.2d 551.