BARKDULL, Judge.
These appeals arise out of two cases which were consolidated in the trial court and, at this point, involve whether the ap-pellee Pearce-Simpson was entitled to enforce an option relative to certain real property in Dade County, and whether or not the trial judge erred in certain discovery rulings.
Some time prior to 1964, the appellants were the owners of certain unimproved real property which they leased to the ap-pellee, Pearce-Simpson, by lease dated August, 29, 1964. Simultaneously therewith, they gave to Pearce-Simpson the option to purchase the property encumbered by the lease. Said option agreement made the lease terms a part of the option. However, no mention of the option was contained in the lease. Subsequent thereto the Merritts, as the fee owners of the property, obtained a construction loan from The First National Bank of Miami. Thereafter, construction on the improvement commenced; the construction loan became in default during the progress of the work, and the Bank instituted a foreclosure proceedings. During the pendency thereof and in order to complete the improvement a Receiver was appointed who, among other things, issued receiver’s certificates and proceeded to complete the improvement.
The Receiver entered into an agreement with Pearce-Simpson, recognizing the previous lease which had been given by the Merritts, and turned possession of the property over to Pearce-Simpson as of November 19, 1965. Even though this agreement was only between the Receiver as lessor and Pearce-Simpson as lessee, it contained the following provision:
******
“(9) This Agreement is conditioned upon its incorporation in an order made and entered in the said foreclosure proceeding on or before November 19, 1965 binding all parties to the said foreclosure proceedings to the terms and conditions *331 hereof; otherwise, it shall be void and of no force or effect.” [emphasis added]
>}i ;}c ‡ iji i{i
This agreement not only made reference to the lease but the option which had been given by the Merritts to Pearce-Simpson. The Merritts were parties to the foreclosure proceedings and apparently no objection was made by them in this proceedings. The property was subsequently foreclosed and title was taken by the mortgagee, The First National Bank of Miami. Thereafter, the Bank conveyed the title to the appellee, 4701 Building Corporation, subject to the outstanding lease and option agreement, which was a corporation wherein the issued stock was held by trustees for the creditors of the Merritts, in order to secure indebtednesses to said creditors as a result of the construction of the improvement on the parcel involved. This stock is held subject to a trust agreement and, when the creditors have been satisfied, the stock is to be delivered to the Merritts. Subsequently, Pearce-Simpson [as the lessee under the lease] exercised its right under the option to purchase the leased premises from the then title holder, 4701 Building Corporation.
One of the instant actions below was then commenced by 4701 Building Corporation, seeking a determination of its right to sell pursuant to the option. The other action was instituted by The First National Bank of Miami to determine who would be entitled to certain surplus of proceeds resulting from the construction loan transaction which it held in its possession. The Merritts intervened in the Bank’s action, contending they held an equitable interest by virtue of the beneficial interest to the capital stock of 4701 Building Corporation and were parties-defendants in the Corporation’s action to determine the validity of the option. The cases were consolidated; many motions were filed; but the parties were able to stipulate to numerous facts and the validity of a number of instruments. This stipulation alone (as to the instruments) takes up 60 pages of the record on appeal. The consolidated causes came on to be heard before the trial court and he entered an order, which reads in part as follows:

“Counsel for all parties have stipulated and agreed that the option was entered into and constitutes a valid agreement between the Merritts and Pearce-Simp-son, Inc. The question before the Court is whether the option has been validly and properly exercised by Pearce-Simp-son, Inc., and is enforceable against 4701 Building Corporation. * * * ”
* íjí ‡ ‡
This stipulation put at rest the question of the validity of the option. The sole question remaining was whether it had been validly exercised and was enforceable against 4701 Building Corporation.
The court then proceeded, some months later, to have a final hearing at which time evidence was offered by the respective parties, and the trial court determined that the lease agreement was in good standing; that Pearce-Simpson had validly sought to exercise the option and that it was entitled to a decree of specific performance, which he so ordered.
By this appeal, the appellants urge, first, that the trial judge erred in not requiring more detailed answers to certain interrogatories which were propounded some two months prior to the final hearing. In determining error in this regard it is axiomatic that in order for the appellants to prevail on such a point an abuse of discretion by the trial court must be shown. Disney v. Prudential Insurance Company of America, Fla.App.1967, 193 So.2d 657; Orlowitz v. Orlowitz, Fla.1967, 199 So.2d 97. Examining the record as it existed before the trial judge at the time he entered the order complained of, fails to demonstrate that the trial judge abused any discretion in making his ruling. Therefore, we find no error in this regard. Dierickx *332 v. Wiseheart, Fla.App.1967, 195 So.2d 614; Rule 1.340(b), R.C.P., 30 F.S.A.
The second point urged for reversal is that Pearce-Simpson failed to demonstrate [as to the holder of the option] that the lease was in good standing and, therefore, it was entitled to exercise the separate option agreement. The principal contention in this regard was that in the original construction of the improvement there were certain extras included for which, under the terms of the original lease, the Merritts would have been entitled to additional rent among other things. The trial judge held that this issue had been or could have been determined in the previous foreclosure suit, from which an appeal had been taken but was subsequently dismissed and, therefore, the matter was res adjudicata. We concur with the trial court. The claim for additional rent for monies due for work on the improvement either was or should have been litigated in the foreclosure proceedings. All parties were before the court; the subject matter of the foreclosure was the construction money mortgage and the construction involved. If the Merritts had any claim for extras, they should have been asserted at this time because the claim, at best, with the fee title being in the Merritts prior to the foreclosure, could have been nothing more than an additional claim for monies due from Pearce-Simpson. At no time could the Merritts have had a lien on the res involved, as long as they had the fee. Alderman v. Whidden, 142 Fla. 647, 195 So. 605; Joyner v. Graybeal, 204 Va. 543, 132 S.E.2d 467; 51 Am.Jur.2d, Liens, §47; 53 C.J.S. Liens § 17(5), p. 865. And, if they held a lien against Pearce-Simpson’s lessee’s interest as a result of the alleged extras, they would have been required to assert such claim at the time of the previous case and, failing to do such, any further attempt to litigate a claim for extras involved in the construction [which was the subject of the foreclosure] would be barred. Pesce v. Linaido, Fla.App.1960, 123 So.2d 747; Hightower v. Bigoney, Fla.1963, 156 So.2d 501; Lawyers Title Insurance Corp. v. Little River Bank & Trust Company, Fla.App.1969, 228 So.2d 412; Rule 1.170(a), R.C.P.
Therefore, for the reasons above stated, the final judgment of the trial court in the consolidated cases directing specific performance of the option agreement, be and the same is hereby affirmed.
Affirmed.