# LEE M. FOX

### v.

# MARY ANN MCEACHERN TEMPLETON

Record No. 820917

Decided April 26, 1985, at Richmond

Present: All the Justices

*Anthony J. Nicolo (Griffin, Pappas & Scarborough*, on brief), for appellant.

*Carl A. Eason (Edward W. Wolcott; Wolcott, Spencer, Rivers, Wheary, Basnight & Kelly, P.C.*, on brief), for appellee.

RUSSELL, J., delivered the opinion of the Court.

The dispositive question in this appeal is whether a creditor who took title to real property in satisfaction of a preexisting debt was a bona fide purchaser for value without notice of an erroneously released judgment.

The essential facts are undisputed. Richard L. Templeton (husband) and Mary Ann McEachern Templeton (wife) acquired title to the real property in the City of Chesapeake which is the subject of this dispute, as tenants by the entireties, in 1974. In 1979, when the property was free of encumbrances except the lien of current taxes, wife filed suit against husband for divorce. During the pendency of that litigation, wife was awarded seven judgments against husband for spousal support and attorney's fees.

On May 30, 1980, the court granted wife a decree of divorce *a vinculo matrimonii*. The decree contained a lump sum award of additional spousal support in the amount of $10,000.00, which was docketed as the eighth judgment in wife's favor. Husband petitioned this Court for an appeal from the divorce decree, but we refused the petition on October 22, 1980.

By deed of trust dated June 13 and recorded June 16, 1980, husband conveyed his undivided one-half interest in the property to trustees for Citizens Trust Bank (bank), in trust to secure a loan of $27,250.00. The loan proceeds were used to repay an outstanding unsecured loan by bank to husband and to satisfy wife's first seven judgments. Although the eighth judgment, for $10,000.00 lump sum spousal support, was not paid out of the loan proceeds, and has never been satisfied, wife's attorney mistakenly released it of record along with the original seven. These releases were noted on the land records on June 18. Bank conceded that it had actual notice of the existence of wife's eighth judgment before its deed of trust was recorded on June 16.

On June 12, husband executed a deed of trust conveying his undivided one-half interest to Lee M. Fox, (Fox), as trustee, securing a preexisting debt of $15,000.00 owed by husband to Fox. Husband had been indebted to Fox in an amount exceeding $21,000.00, evidenced by four unsecured notes dated between October 1979 and April 1980, but Fox had given husband a credit for $6,000.00 for conveyance to her of some Florida property, and accepted husband's $15,000.00 deed of trust as security for the balance. The parties agree that the conveyance to Fox as trustee for Fox amounted to an equitable mortgage. *See Harnsberger* v. *Wright*, 185 Va. 586, 589, 39 S.E.2d 737, 738-39 (1946).

Fox recorded the mortgage on June 17, one day after recordation of bank's deed of trust and one day before the erroneous release of wife's judgment. Fox testified that, on the advice of a relative, who was in the real estate business, she purchased a deed of

trust form at a stationery store, filled it in on her typewriter, obtained husband's signature, took it to the clerk's office, and paid to have it recorded. She said that she never examined the land records or received any legal advice relating to the matter.

By deed of bargain and sale recorded on August 13, 1980, husband conveyed his undivided one-half interest to Fox in satisfaction of her $15,000.00 equitable mortgage. The deed contained a general warranty and English convenants, but was expressly made subject to bank's deed of trust. Fox testified that she paid an attorney $30.00 to prepare the deed, but that she took it to the clerk's office and paid for its recordation, again without any examination of the land records or any information as to what they contained. She stated that she would not have known how to conduct a title examination.

On October 22, 1980, the day this Court refused husband's appeal in the divorce case, the trial court, on wife's motion, entered an order in that case reinstating wife's $10,000.00 judgment which had been released through mistake. The clerk, pursuant to the terms of the order, noted the reinstatement of the judgment among the land records.

In November 1980, wife filed this suit as a bill of complaint against husband, Fox, bank, and bank's trustees. She prayed for a determination of the validity and priorities of the liens on the property, for the cancellation of husband's deed of bargain and sale to Fox, and for partition and sale of the property. She took the position that her $10,000.00 judgment was senior both to bank's lien and to Fox's equitable mortgage, and that Fox did not become a bona fide purchaser for value when husband purported to convey his undivided interest to Fox in fee, even though the $10,000.00 judgment was, at the time of the conveyance, erroneously marked released of record.

Fox took the position that, although her equitable mortgage had been junior both to wife's $10,000.00 judgment and to bank's deed of trust, at the time Fox took a deed in satisfaction of the mortgage, wife's judgment had been released of record. Fox contends that she then became a bona fide purchaser for value as to husband's undivided interest, affected only by constructive notice of matters shown in the land records at the time her deed was recorded. She argues that her title was therefore subject only to bank's lien.

The cause was referred to a commissioner in chancery who heard the evidence and reported to the court as follows: husband's pending appeal did not disturb the dissolution of the marriage decreed by the divorce court, and the parties were, after May 30, tenants in common; husband therefore had the right to convey or encumber his undivided one-half interest; the owners, therefore, were wife and Fox; wife's undivided interest was free of liens; wife's $10,000.00 judgment was unsatisfied and of record when bank's deed of trust was recorded, bank was charged with both actual and constructive notice of it, and wife's judgment was therefore senior to bank's lien; Fox's equitable mortgage was subordinate both to wife's judgment and bank's lien; when Fox took a deed in satisfaction of the mortgage debt, her position did not change; her title remained subject to both prior liens, as it was when she took the mortgage.

The court overruled Fox's exceptions to the commissioner's report and entered a final decree in February 1982. The decree established the condition of title and priorities of liens in accordance with the commissioner's report, directed a judicial sale, and ordered that wife's judgment and bank's lien be paid in full out of Fox's share of the proceeds. We awarded Fox an appeal, limited to the question whether Fox was a bona fide purchaser for value, or whether her title was subject to wife's $10,000.00 judgment.

A recapitulation of the sequence of pertinent events may be helpful:

May 30—Parties become tenants in common.
May 30—Wife's $10,000.00 judgment docketed.
June 16—Bank's deed of trust recorded.
June 17—Fox's equitable mortgage recorded.
June 18—Wife's judgment erroneously released.
August 13—Deed to Fox recorded.
October 22—Wife's judgment reinstated of record.

The commissioner made no specific finding whether Fox had, on August 13, actual knowledge of wife's $10,000.00 judgment. On direct examination, Fox testified that she became aware of the lump sum award on October 22. On cross-examination, however, she was asked whether husband had ever told her "up through May of 1980" that he was the subject of a lump sum award. She responded, "I had heard somewhere that he was to

pay her $10,000.00, yes." We need not decide whether this testimony was sufficient to prove actual notice of wife's judgment, because the record clearly establishes constructive notice. A purchaser of real estate has constructive notice of the recorded title papers of his vendor, and is charged with notice of all that an actual examination of them would disclose. It is a purchaser's duty to examine the records to ascertain whether his grantor's title is encumbered. *Pillow* v. *Southwest &c., Imp. Co.,* 92 Va. 144, 152, 23 S.E. 32, 34 (1895).

Although there is a conflict in the authorities in other jurisdictions, it is well settled in Virginia that a conveyance of property in satisfaction of a preexisting debt constitutes a purchase for valuable consideration within the meaning of the recording acts, *Cammack* v. *Soran & al.,* 71 Va. (30 Gratt.) 292 (1878), but this does not end the inquiry whether Fox was a bona fide purchaser for value without notice of wife's judgment. *Gordon, Assignee* v. *Rixey, Assignee, and als.,* 76 Va. 694, 702-03 (1882).

The acceptance of title in satisfaction of a preexisting security interest is presumed, in the absence of evidence of a contrary intention, to constitute a merger of the original secured interest into the legal title acquired. *Joyner* v. *Graybeal,* 204 Va. 543, 545, 132 S.E.2d 467, 469 (1963). We held in *Joyner* that such a merger carries with it all liens, securities, and remedies which were incidental to the original secured interest.

It is a necessary corollary of that doctrine that such a merger also carries with it a rebuttable presumption of notice of all facts with which the creditor was charged when taking the original secured interest. *See Webb* v. *John Hancock Mut. Life Ins. Co.,* 162 Ind. 616, 633, 69 N.E. 1006, 1013 (1904). A creditor accepting a conveyance in satisfaction of a preexisting security has a difficult burden of persuasion if he wishes to show that he has lost knowledge of facts which he possessed when he took the security. Circumstances may exist in which, because the creditor is a large organization, because of many intervening transactions distracting the creditor's attention, because of great lapse of time, or because of other special conditions, it would be unreasonable to impute to the creditor at the time of taking title notice of facts available at the time the original security interest was taken, *see State Sav. Bank* v. *Universal Credit Co.,* 233 Iowa 247, 8 N.W.2d 719 (1943), but this is not such a case. Fox did not, and in the circumstances of this case could not, show any reasonable cause

why she should not be charged, on August 13 when she took title, with notice of the same state of facts with which she was charged on June 17, when she took her equitable mortgage.

On June 17, wife's $10,000.00 judgment appeared on the land records as a lien senior to Fox's mortgage. If Fox had examined the records she would have discovered it. This is constructive notice imputed to her by the recording statutes. *Orphanoudakis* v. *Orphanoudakis*, 199 Va. 142, 147, 98 S.E.2d 676, 681 (1957); *Chavis* v. *Gibbs*, 198 Va. 379, 385, 94 S.E.2d 195, 199 (1956).

Fox offered no evidence to show that she was ever informed that wife's judgment had been satisfied, that she was aware that it had been released from the land records, or that she had been misled in any manner into believing that it was no longer a lien. If she had no actual awareness of its existence as a docketed lien, she also could have no awareness of its erroneous release. She, therefore, could not have relied on the release when deciding to accept husband's conveyance in satisfaction of her mortgage. She made no change of position to her detriment because of the erroneous release. A lien which has been released through fraud or mistake will be restored by the court except to the extent such a restoration operates to the prejudice of the rights of a bona fide purchaser for value without notice. *See Seymour* v. *Alkire*, 47 W.Va. 302, 307, 34 S.E. 953, 954 (1899). Fox, not being such a party, can neither improve her standing because of the judgment's release, nor complain of its restoration.

For these reasons, we conclude that the commissioner in chancery correctly determined the respective interests of the parties and that the chancellor correctly confirmed his report. The decree appealed from will be

*Affirmed.*