# CIRCUIT COURT OF THE CITY OF RICHMOND

Toyota Motor Credit Corp.

v.

C. L. Hyman Auto Wholesale, Inc.

July 22, 1997

Case No. LB-2020-4

BY JUDGE T. J. MARKOW

This case went to trial on June 11, 1997, at the conclusion of which, each party made a motion to strike the other party's evidence. The Defendant has requested a directed verdict, and the Plaintiff has requested Summary Judgment. All agree that there are no factual disputes and what remains are issues of law. Accordingly, the jury was discharged. The Court has considered the arguments made and briefs submitted on this issue and now renders the following opinion.

In February 1996, a Toyota vehicle was sold to Traci Bowden. Ms. Bowden entered into a Retail Installment Contract for this purchase. The contract was then assigned to Plaintiff, Toyota Motor Credit Corporation. Under the contract, Toyota held a security interest in the vehicle. This security interest was properly reflected by a Virginia certificate of title issued by the Division of Motor Vehicles (DMV). As such, Toyota held a perfected first lien on the car as of March 14, 1996. Toyota retained possession of the title certificate.

Ms. Bowden then forged a letter to the DMV. This letter purported to come from Toyota and informed the DMV that the lien had been released and that Toyota no longer had any interest in the vehicle. In July of 1996, Ms. Bowden was able to obtain a new title from the DMV. The new title, based on the forged letter and Ms. Bowden's representations in her application for the new title certificate reflected that there were "no liens" against the vehicle.

On July 5, 1996, Ms. Bowden sold the vehicle to Defendant Hyman Auto. Due to the clean title held by Ms. Bowden, Hyman purchased the vehicle without knowledge of Toyota's lien. Hyman did not know of Ms. Bowden's fraud, and it paid adequate value for the car.

In May of 1996, Ms. Bowden had defaulted on her loan, and Toyota had begun efforts to bring the account current or to recover the vehicle. Eventually, Toyota discovered the fraud and that the vehicle had been sold.

The dispute between the parties is over which one of them is entitled to the car now that all of the facts have come to light. Neither of the parties before the Court has done anything wrong. Each has followed the law and done everything which could reasonably be expected in order to protect its interests. This dispute was caused by the combination of the fraud perpetrated by Ms. Bowden and the relaxed standards of the DMV for the release of liens. It should be noted that the forged letter contains a number of spelling errors and was not on Toyota letter head. This should have raised warning flags at the DMV. The letter also contained a number for the DMV to call for verification. Had the DMV checked on this release letter, this case would not be here. However, the case is here, and, like it or not, the loss must fall on one of these two innocent parties.

Hyman argues that it should have the car since it was a bona fide purchaser (BFP) without knowledge of the fraud. It argues that a fraudulently released lien should be reinstated to protect the original lienholder, but only if doing so would not prejudice the rights of a BFP. *See Fox v. Templeton*, 229 Va. 380, 386 (1985) ("A lien which has been released through fraud or mistake will be restored by the court except to the extent such a restoration operates to the prejudice of the rights of a bona fide purchaser for value without notice.").

Plaintiff, Toyota, argues that the lien was never actually released. Instead, the fraud simply caused the record of the lien to appear as though it had been discharged. The underlying lien itself remained in full force and effect. Therefore, the *Fox* case cited above does not apply because this is not the situation of an erroneously *released* lien. Instead, Toyota argues the controlling legal authority is that a seller (Ms. Bowden) can only sell that which she has to sell, even to a BFP. *See First National Bank of Waynesboro v. Johnson*, 183 Va. 227, 236 (1944) ("One who has no title to personal property can transfer none. A buyer from such a seller, even though he pays value in good faith and without notice, does not acquire title against a rightful legal claimant.").

Toyota's argument is based on the underlying theory of title and lien. Simply put, it is not the certificate, which is only a representation of the title held by the owner and any liens on the subject property, but rather the actual title that counts. If a seller did not actually have title to the property involved,

but produced a certificate that said that he or she did, he or she still cannot pass title to the property. Likewise, Toyota argues, if one actually has title subject to a lien in the property, he or she can only pass title subject to the lien, regardless of whether the title certificate reflects the lien.

This argument misses the point of the titling statutes as it relates to the recordation of liens. The statute provides:

> A certificate of title, when issued by the Department [of Motor Vehicles] showing a security interest, shall be adequate notice to the Commonwealth, creditors, and purchasers that a security interest in the motor vehicle exists ....

Va. Code Ann. § 46.2-638 (Michie 1996). In applying a predecessor to this section, the Virginia Supreme Court has said:

> It follows, therefore, that when a certificate of title is issued which fails to show a lien or encumbrance, it is notice to the world that the property is free from any lien or encumbrance, and if transferred to a bona fide purchaser the latter would obtain a good title.

*Maryland Credit Finance Corp. v. Franklin Credit Finance Corp.*, 164 Va. 579, 582-83 (1935). The court found this to be true because:

> it was the intention of the legislature to provide for a simple means for the ascertainment of liens against motor vehicles. Instead of requiring a creditor or purchaser to look for liens against motor vehicles in many places, perhaps, the fact that such liens exist can be established by looking in the one place designated by the statute.

*Id.* at 583.

Therefore, the Court finds that when Defendant, Hyman, purchased the vehicle from Ms. Bowden as a BFP and without notice of the fraud, it was entitled to rely on the certificate issued by the DMV. Having found that Hyman purchased the vehicle with a clear title, not subject to the Toyota's lien, the Court will overrule Toyota's motions to strike Hyman's evidence and for summary judgment. The Court will also sustain Hyman's motions to strike Toyota's evidence and for a directed verdict.